IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOUIS A. OLONA,<br><br>Plaintiff,<br><br>vs.<br><br>ROSALYN COTTON, Chairperson, Nebraska Board of Parole; LAYNE GISSLER, Vice chairperson, Nebraska Board of Parole; MARK LANGAN, Member, Nebraska Board of Parole; HABIB OLOMI, Member, Nebraska Board of Parole; JORDAN WALL, Specialized Parole Officer; and TOM VERPLANK, Parole Hearing Officer;<br><br>Defendants. | 8:24CV35<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Plaintiff's Motion to amend his complaint (the "Motion to Amend"), Filing No. 11, a Motion to appoint counsel, Filing No. 10, and Motion for subpoena, Filing No. 9. For the reasons set forth below, the Court will grant the Motion to Amend but will deny the motions for counsel and subpoena without prejudice.

**I. Motion to Amend**

Plaintiff filed a motion seeking to amend his Complaint, Filing No. 11 at 1, and immediately following, filed his proposed, signed, amended complaint (the "Amended Complaint"), id. at 2–17. Rule 15 of the Federal Rules of Civil Procedure provides "[t]he

court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff's Motion to Amend, Filing No. 11, is granted.

Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of Plaintiff's claims as set forth in the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

## II. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel, arguing that appointment is appropriate as he has been unable to secure private counsel due to his inability to pay and due to his limited ability to litigate this matter as an incarcerated person. Filing No. 10. "There is no constitutional or statutory right to appointed counsel in civil cases." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, 859 F. App'x 3, 4 (8th Cir. 2021) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later

developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### III. Motion for Subpoena

Plaintiff has also filed a motion for subpoena, seeking production of documents, recordings, and other written information relating to his claims. Filing No. 9. Plaintiff's motion is premature as, although the Court granted Plaintiff leave to proceed in forma pauperis and the initial partial filing fee has been paid, *see* Text Entry dated March 7, 2024, the Court has not yet performed an initial review of the Complaint. *See Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in *in forma pauperis* prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 28 U.S.C. § 1915A(b).") (citation omitted)); *Strawder v. Rollins*, No. 8:18CV47, 2018 WL 1136898, at *1 (D. Neb. Mar. 1, 2018) (dismissing motion for discovery without prejudice subject to refiling as premature as Plaintiff had not yet paid his initial partial filing fee and because initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) had not yet occurred). As no discovery may take place until after an initial review is performed and the Court determines this matter may proceed to service of process, the motion for subpoena shall be denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for subpoena, Filing No. 9, and Motion for counsel, Filing No. 10, are denied without prejudice.

2. Plaintiff's Motion to Amend, Filing No. 11, is granted. The Amended Complaint at Filing No. 11 at 2–17, is deemed the operative complaint. The Clerk of Court is directed to update the docket text for Filing No. 11 to "Amended Complaint."

3. Plaintiff is advised that the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims as set forth in his Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), which will be conducted in the Court's normal course of business.

Dated this 26th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court