IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOUIS A. OLONA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROSALYN COTTON, Chairperson, Nebraska Board of Parole; LAYNE GISSLER, Vice chairperson, Nebraska Board of Parole; MARK LANGAN, Member, Nebraska Board of Parole; HABIB OLOMI, Member, Nebraska Board of Parole; JORDAN WALL, Specialized Parole Officer; and TOM VERPLANK, Parole Hearing Officer;<br><br>　　　　　　Defendants. | 8:24CV35<br><br>MEMORANDUM AND ORDER |

　　Plaintiff Louis A Olona ("Plaintiff"), a prisoner, filed a pro se Complaint on January 30, 2024, Filing No. 1, which he later amended (the "Amended Complaint"), Filing No. 11. Plaintiff was granted leave to proceed in forma pauperis. Filing No. 8.

　　The matter is currently before this Court to perform an initial review of Plaintiff's Amended Complaint to determine if it is subject to summary dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A. For the reasons set forth below, the Court finds that Plaintiff's Amended Complaint is appropriate for summary dismissal.

**I. SUMMARY OF COMPLAINT**

　　Plaintiff brings his Amended Complaint under 42 U.S.C. § 1983. Filing No. 11 at 4. The subject matter of this case arises from Plaintiff's allegations of due process violations under the 5th and 14th Amendments, equal protection violations, 8th amendment cruel and unusual punishment, and loss of liberty interests resulting in the

revocation of his parole in June of 2023 against: Chairperson of the Nebraska Board of Parole Rosalyn Cotton ("Cotton"), Vice Chairperson of the Nebraska Board of Parole Layne Gissler ("Gissler"), Nebraska Board of Parole Board Members Mark Langan ("Langan") and Habib Olomi ("Olomi"), Specialized Parole Officer Jordan Wall ("Wall") and Parole Hearing Officer Tom Verplank ("Verplank"), in their official and individual capacities. *Id.* at 2–3.

Plaintiff seeks $1,900,000 in compensatory damages and $5,000 against each defendant in punitive damages. *Id.* at 10.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints filed by prisoners to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. DISCUSSION

Plaintiff brings his claims under 42 U.S.C. § 1983. Filing No. 11 at 4. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons set forth below, Plaintiff's claims cannot proceed as currently pleaded.

Plaintiff's claims against all defendants arise from the revocation of his parole in June 2023, for various parole violations including quitting his job without authorization, curfew violations, failure to pay program fees, and allegations relating to his association with other felons arising from the purchase or sale of a vehicle. Filing No. 11 at 8–9. Specifically, Plaintiff submits that defendants conspired to revoke his parole due to Plaintiff exercising his right to freedom of speech[1] and denied him due process by violating their duties as a neutral and detached hearing body.  Moreover, Plaintiff submits that defendants Verplank and Wall fabricated reports resulting in Plaintiff being denied the ability to show why his parole should not be revoked. *Id.* at 8.

Plaintiffs seeks damages under § 1983 for deprivation of his equal protection and due process rights based on alleged conspiratorial conduct that led to and resulted in the revocation of his parole and reincarceration. *Id.* at 4–5, 8–10.  The linchpin of and basis for his damages claims is the parole revocation.

However, at all times relevant herein, Plaintiff has been "in custody" as either a prisoner or a parolee and as such may only attack the propriety of his parole revocation under 28 U.S.C. § 2254. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963); *see also*, *Jones v. Jerrison*, 20 F.3d 849, 852 n. 2 (8th Cir. 1994); *United States v. Tunstall*, 17 F.3d 245, 246 n. 3 (8th Cir.1994).  Plaintiff, however, chose to claim that his revocation was unconstitutional and sought relief under § 1983 in the form of compensatory damages. "Because a judgment in Plaintiff's favor would 'necessarily imply the invalidity' of his

---

[1] It appears, although not wholly clear, that Plaintiff asserts his right to freedom of speech was violated when being told he could not use the word "girl" during Plaintiff's public parole revocation hearing.  *See* Filing No. 11 at 9.

3

revocation proceeding and because the revocation itself has not been reversed, expunged, validated or called into question by either an executive order or a state or federal tribunal, a § 1983 action is not cognizable at this juncture." *Dolney v. Lahammer*, 70 F. Supp. 2d 1038, 1042–43 (D.S.D. 1999) (collecting cases). As such, Plaintiff's claims cannot proceed under § 1983, and as amendment is futile, his claims must be dismissed without prejudice to reassertion in a habeas proceeding.[2]

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Amended Complaint, Filing No. 11, is dismissed without prejudice.

2. The Court will enter a separate judgment consistent with this order.

3. The Clerk of the Court is directed to send Plaintiff the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody") and the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to the extent

---

[2] Moreover, as Plaintiff sues defendants Cotton, Gissler, Langan, and Olomi for their decision to revoke Plaintiff's parole as members of the Nebraska Parole Board, they are absolutely immune from suit when considering and deciding parole questions. *Figg v. Russell*, 433 F.3d 593, 597–98 (8th Cir. 2006) (citing *Patterson v. Von Riesen*, 999 F.2d 1235, 1238–39 (8th Cir.1993) (internal quotations omitted)); *see also Nelson v. Balazic*, 802 F.2d 1077 (8th Cir. 1986) (state parole board members have absolute immunity from § 1983 suit while performing their quasi-judicial functions). As in Nebraska it is well within the power of the parole board members to grant, deny, or revoke parole, *Davis v. State*, 902 N.W.2d 165, 194 (Neb. 2017), and as Plaintiff's claims against defendants Cotton, Gissler, Langan, and Olomi relate to their decision to revoke Plaintiff's parole, defendants Cotton, Gissler, Langan, and Olomi are absolutely immune from suit and all claims against them would be subject to dismissal even if he could raise his claims against them in this § 1983 action.

In that same vein, the Nebraska Parole Board is a state agency created by the Nebraska Legislature. *See* Nebraska Constitution, Article IV-13. As such, an official capacity claim against a hearing officer of the Nebraska Parole Board "is the equivalent of a suit against a state agency and Eleventh Amendment immunity precludes this official capacity claim," as well as claims against parole officers in their official capacities. *Brown v. Watson*, No. CIV. 10-3080, 2011 WL 2670069, at *2 (W.D. Ark. June 13, 2011), *report and recommendation adopted*, No. 10-CV-3080, 2011 WL 2669473 (W.D. Ark. July 7, 2011) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)). "Furthermore, with respect to any individual capacity claims, the hearing examiner performs essentially judicial functions and is entitled to quasi-judicial absolute immunity." *Id.* (citing *Anton v. Getty*, 78 F.3d 393 (8th Cir.1996); *Roach v. Stouffer*, 560 F.3d 860, 870 (8th Cir.2009) ("immunity, either absolute or qualified, is a personal defense that is available only when officials are sued in their individual capacities" (internal quotation marks and citation omitted)). As such, all claims against hearing officer Verplank in his individual capacity and against Verplank and Wall in their official capacities would also be dismissed.

4

Plaintiff wishes to file a new action attacking his parole revocation under 28 U.S.C. § 2254.

Dated this 7th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge